UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                )
JUAN SIGUI, et. al.,            )
                                )
        Plaintiffs,             )
                                )
    v.                          )   C.A. No. 14-442 S
                                )
M&M COMMUNICATIONS, INC., and   )
COX RHODE ISLAND TELCOM, LLC,   )
d/b/a COX COMMUNICATIONS, et al.,)
                                )
        Defendants.             )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

This is an FLSA misclassification case brought by a putative class of former cable installation technicians ("Plaintiffs" or "technicians"). Each worked for M&M Communications ("M&M") and installed cable TV and internet services exclusively for Cox Communications ("Cox"). M&M, Cox, and an individually named defendant, William Dowling, moved to dismiss the allegations against them. (ECF Nos. 15, 16 and 17.) Magistrate Judge Lincoln D. Almond issued a Report & Recommendation ("R&R") (ECF No. 29), recommending that the Court grant Dowling's motion in its entirety, grant Cox and M&M's motions as to Count IV, and deny the remainder of Cox and M&M's motions. (See R&R 23, ECF No. 29.) No objections were filed as to the R&R's recommendations relating to Dowling and M&M. The Court, thus, adopts them without further comment. See

LR Cv 72(d)(1).  Cox, however, objected to the R&R's recommendation to deny its motion.  (Cox's Objection to R&R ("Obj."), ECF No. 33.)  According to Cox, Magistrate Judge Almond incorrectly concluded that Plaintiffs sufficiently alleged Cox was their joint employer under Fair Labor Standards Act ("FLSA").  (Id. at 1.) Cox's Objection is unpersuasive.

As recounted in the R&R, to determine if a joint employment relationship exists under the FLSA, the First Circuit looks to the "'economic reality' of the totality of the circumstances bearing on whether the putative employee is economically dependent on the alleged employer."  Baystate Alt. Staffing, Inc. v. Herman, 163 F.3d 668, 675 (1st Cir. 1998).  Under this so called "economic realities test," courts begin by analyzing four factors: "whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records."  Id. (citing Bonnette v. Cal. Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983)).  In applying these factors, however, "it is the totality of the circumstances, and not any one factor, which determines whether a worker is the employee of a particular alleged employer."  Id. at 676.

Considering the totality of the allegations in the Complaint, Magistrate Judge Almond found that Plaintiffs alleged sufficient

facts to establish Cox as their joint employer. (R&R 14, ECF No. 29.) Specifically, the R&R noted that Plaintiffs alleged Cox (1) controlled Plaintiffs' schedules; (2) set the order of the Plaintiffs' jobs; (3) affected Plaintiff's compensation through a point system controlled by Cox; (4) required Plaintiffs to wear certain uniforms containing Cox insignia; (5) provided Plaintiffs with the equipment they gave to customers; (6) conducted Cox-specific training for Plaintiffs; and (7) conducted quality reviews of Plaintiffs' job performance. (Id.)

As Cox points out, Plaintiffs do not, in fact, allege that Cox conducted Cox-specific training, eliminating one of the seven factors the R&R relied upon. Yet, even without this factor, Plaintiffs still allege that Cox exercised control over their schedules, work conditions, compensation, and set performance standards. As the majority of cases to consider similar facts on a motion to dismiss have held, these allegations are enough to get Plaintiffs over the hurdle of a 12(b)(6) motion and into discovery. See Schmidt v. DIRECTV, LLC, CIV. NO. CV 14-3000 (JRT/JSM), 2016 WL 519654, at *12 (D. Minn. Jan. 22, 2016) report and recommendation adopted, Civil No. 14-3000 (JRT/JSM), 2016 WL 526210 (D. Minn. Feb. 9, 2016) (collecting cases); Chesley v. DIRECTV, Inc., No. 14-cv-468-PB, 2015 WL 3549129 (D.N.H. June 8, 2015).

Cox's objections are OVERRULED and the R&R is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1).  William Dowling's motion is GRANTED and Dowling is hereby dismissed from this action. Cox and M&M's motions are GRANTED as to Count IV but otherwise DENIED.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  March 30, 2016