# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUAN SIGUI, JOSE SIGUI, JOSE CIPRIANO, JOSEPH MENDEZ, and JOSE L. SANTOS, individually and on behalf of other similarly-situated individuals,<br><br>        Plaintiffs,<br><br>v.<br><br>M + M COMMUNICATIONS, INC., alias, COX RHODE ISLAND TELECOM, LLC, d/b/a COX COMMUNICATIONS, alias, and COXCOM, LLC, d/b/a COX COMMUNICATIONS NEW ENGLAND, alias, and WILLIAM DOWLING, alias,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. Act. No. 1:14-cv-00442-S-LDA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COX RHODE ISLAND TELECOM, LLC'S AND COXCOM, LLC'S RESPONSE AND OBJECTION TO JOINT MOTION OF PLAINTIFFS AND DEFENDANT M+M COMMUNICATIONS, INC. TO FURTHER AMEND PRETRIAL ORDER**

      COMES NOW, Defendants Cox Rhode Island Telecom, LLC and CoxCom, LLC (collectively "**Cox**"), and hereby file this Objection to the Joint Motion of Plaintiffs and Defendant M+M Communications, Inc. ("**M+M**") to Further Amend Pretrial Order [Doc. No. 55] (the "**Motion**"), and in support of their Objection shows as follows:

      1.     On May 10, 2016, this Honorable Court entered a Standard Pretrial Order [Doc. No. 41] holding that "joint employer" discovery shall conclude by August 31, 2016 and all additional fact discovery shall be completed by November 30, 2016.

      2.     The parties met and conferred and filed a Joint Motion to Amend Standard Pretrial Order [Doc. No. 50] on August 18, 2016. As a result, this Honorable Court entered an Order [Doc. No. 51] extending joint employer discovery through September 30, 2016.

3. On September 30, 2016 Plaintiffs unilaterally moved [Doc. No. 52] this Honorable Court to extend joint employer discovery yet again to November 30, 2016 and to extend all other discovery deadlines for an undisclosed amount of time. Notably, at no point in Plaintiffs' September 30, 2016 motion [Doc. No. 52] did they raise any issues with M+M's production, nor did they indicate that they intended to depose M+M.

4. On October 24, 2016, this Honorable Court entered its "**FINAL EXTENSION**" in a text order, extending joint employer discovery period through November 30, 2016, with all other discovery deadlines set forth in the Amended Pretrial Order to remain in place.

5. Without any notice to Cox, and without conferring with Cox, Plaintiffs and M+M filed the instant Motion [Doc. No. 55] requesting a three (3) month extension of the "additional factual discovery" period through February 28, 2016. Notably, such an extension would result in a total discovery period of nearly ten (10) months. To the extent this extension affects the joint employer discovery deadline and subsequent summary judgment deadlines on the issue of joint employment, Cox objects. The joint employer discovery deadline should remain as November 30, 2016 and the summary judgment deadline on the issue of joint employment should remain on December 16, 2016.

6. In support of their Motion, Plaintiffs assert that this extension is necessary to resolve disputes between Plaintiff and M+M and to allow Plaintiffs enough time to notice the deposition of M+M. However, Plaintiffs' assertions are illogical and insincere, at best, given their purposeful delay. Discovery began on May 10, 2016, *more than six (6) months ago*. Plaintiffs raised no issue with M+M's discovery responses until October 7, 2016, nearly **three (3) months** after M+M's response. (A copy of Plaintiffs' Rule 37 letter to M+M is attached as **Exhibit A**).

7. Rather than noticing M+M's deposition, or taking steps to seek discovery responses from M+M, Plaintiffs have instead focused their efforts on filing a frivolous Motion to Compel [Doc. No. 54] against Cox despite *Plaintiffs' admissions* that all documents related to their work for M+M were either: provided by Plaintiffs to M+M, **not Cox**;[1] or provided to Plaintiffs from M+M, **not Cox**.[2] Plaintiffs were aware of this fact months ago, but have chosen to wait until the final hour to pursue discovery responses from M+M. Plaintiffs' dilatory discovery practices should not be rewarded.

8. Plaintiffs' actions, if allowed to continue, will result in unnecessary delay and expense, to the detriment of all Parties, especially Cox who should not be a party to this lawsuit as it was not Plaintiffs' employer. Cox is urgently seeking dismissal from this action, but Plaintiffs are purposefully impeding Cox from filing its summary judgment motion by requesting numerous discovery extensions.

**WHEREFORE**, Cox respectfully requests that this Honorable Court **deny** Plaintiffs' and M+M's Motion to Further Amend Pretrial Order to the extent that it would modify the joint employer discovery and summary judgment deadlines.

Respectfully submitted this 29th day of November, 2016.

            **CHAMBERLAIN HRDLICKA**
            **WHITE WILLIAMS & AUGHTRY**

            By: *s/ Annette A. Idalski*

---

[1] Deposition of Juan Sigui, dated September 30, 2016 (relevant portions attached hereto as **Ex. B**) at 174:20-175:6, 177:6-9, 178:1-5, 278:15-279:25; deposition of Jose Sigui, dated July 13, 2016 (relevant portions attached hereto as **Ex. C** ) at 56:11-13, 89:15-24; deposition of Jose Santos, dated September 27, 2016 (relevant portions attached hereto as **Ex. D)** at 86:24-87:10, 89:5-13; deposition of Joseph Mendez, dated September 29, 2016 (relevant portions attached hereto as **Ex. E**) at 86:19-22, 87:3-21; deposition of Jose Cipriano, dated July 14, 2016 (relevant portions attached hereto as **Ex. F)** at 35:14-18, 68:20-69:3.

[2] **Ex. B** at 182:7-10; **Ex. C** at 72:18-22, 152:21-153:2; **Ex. D** at 99:19-24, 148:15-149:11, 200:11-212:7; **Ex. E** at 142:17-22, 183:24-184:3; **Ex. F** at 67:11-14.

>Annette A. Idalski, *pro hac vice*
>Peter N. Hall, *pro hac vice*
>191 Peachtree Street, N.E., 46th floor
>Atlanta, GA 30303-1747
>Tel: (404) 658-5386
>annette.idalski@chamberlainlaw.com
>peter.hall@chamberlainlaw.com
>
>**ADLER POLLOCK & SHEEHAN P.C.**
>
>Michael D. Chittick
>Rhode Island Bar No. 5967
>One Citizens Plaza, 8th Floor
>Providence, RI 02903-1345
>Tel: (401) 274-7200
>mchittick@apslaw.com
>
>*Counsel for Defendants Cox Rhode Island Telecom, LLC, and CoxCom, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on this day I have electronically filed the foregoing with the Clerk of Court via the CM/ECF system which will send notification to all parties and/or counsel of record, including:

| | |
|---|---|
| Richard A. Sinapi | Dean J. Wagner |
| Joshua Xavier | James G. Atchison |
| Sinapi Law Associates, LTD. | Shechtman Halperin Savage LLP |
| 175 Hillside Road | 1080 Main Street |
| Cranston, RI 02920 | Pawtucket, RI 02860 |
| ras@sinapilaw.com | dwagner@shslawfirm.com |

Respectfully submitted this 29th day of November, 2016.

                **CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY**

                *s/ Annette A. Idalski*
                Annette A. Idalski, *pro hac vice*

2458407.1
100266.000006