UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JUAN SIGUI, et al.           :
                             :
       v.                    :     C.A. No. 14-442S
                             :
M+M COMMUNICATIONS,          :
INC., et al.                 :

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) are Plaintiffs' Motions to Compel Further Discovery Responses from Defendants. Plaintiffs seek to compel further responses to their Document Requests from Defendants CoxCom and M+M Communications. (Document Nos. 54 and 71). In addition, Plaintiffs seek to compel additional and further responses from CoxCom's Rule 30(b)(6) deponent. (Document No. 56).

**A.     Document Requests**

As to documents, Plaintiffs contend that, "[b]y logical inference," CoxCom and M+M have failed to produce "literally thousands of pages of documents" relevant to their joint employer theory of liability. (Document Nos. 54-1 at pp. 3-4 and 71-1 at pp. 3-4). CoxCom contends that Plaintiffs' Motion is "patently frivolous" and reflects a fundamental misunderstanding of the business relationship between CoxCom and M+M. (Document No. 58 at pp. 1-2). CoxCom argues that "all documentation regarding Plaintiffs' work with M+M and relevant to the joint employer theory is in M+M's possession alone – Cox has no documents responsive to Plaintiffs [sic] Requests beyond the Field Services Agreements with M+M that it has already produced." Id. at p. 2. M+M, on the other hand, argues that Plaintiffs' Motion should be denied because it has provided "all of the Documents (as that term is defined in Plaintiffs' Motion to Compel[1]) in its possession, custody, or control that are responsive to Plaintiffs' discovery requests." (Document No. 72 at p. 1).

---

[1] See Document No. 71-1 at p. 4.

Plaintiffs served sixteen nearly identical Document Requests on each Defendant. They move to compel additional responses from both Defendants as to Requests 2, 3, 6, 7, 9, 10, 11, 14, 15 and 16, and solely from Defendant M+M as to Requests 4, 8 and 12. After reviewing the parties respective arguments and considering the proportionality parameters embodied in Rule 26(b)(1), Fed. R. Civ. P, the disputes regarding these Requests are resolved as follows:

1. **Request Nos. 2 and 3**

DENIED as to both CoxCom and M+M.

2. **Request No. 4**

GRANTED in part. M+M represents that it obtained "payroll ledgers" from its payroll processor and produced them to Plaintiffs. However, as to the "weekly invoices" it received from CoxCom that provided the "amount of points earned by each technician on a weekly basis," it represents that these were sent to its "payroll processor" and not kept or maintained. As with the "payroll ledgers," M+M shall request the "weekly invoices" from its payroll processor and produce them to Plaintiffs if they remain in the payroll processor's possession. If the payroll processor did not keep those records, M+M shall promptly notify Plaintiffs of that fact.

3. **Request Nos. 6, 9 and 10**

DENIED as to the ICOM records.[2] As to the ETA records, the Court concludes that they are responsive; however, the record is unclear as to whether either CoxCom or M+M presently have possession of or access to such records. Although CoxCom disputes the relevance of the ETA records, it asserts that, if relevant, the records "must be sought from M+M, not Cox" and that it does not have any responsive documents. (Document No. 58 at p. 16). As to M+M, it represents that the

---

[2] After reviewing Plaintiffs' Exhibit 10E (Document No. 56-15) and the relevant deposition testimony, Plaintiffs have not shown that the ICOM records are employee "time records" showing hours worked by Plaintiffs responsive to Request No. 6 since they merely identify the time windows when the customer requested service. (See Document No. 58-7 at ¶ 29).

ETA system "generates job start and stop times" but indicates that they "may not be accurate." (Document No. 72-1 at p. 6). M+M also indicates that it printed out ETA records for technicians, if requested, but has not retained copies of these records in its files. Id. Unfortunately, neither CoxCom nor M+M shed any light on whether the ETA records are presently accessible and, if so, the cost and effort needed to produce them for the requested period. Accordingly, the Court orders the parties to confer in good faith about the accessibility to and production of the ETA records. If the parties are unable to reach a consensus, they shall request a discovery teleconference with the Court prior to resorting to further discovery motion practice.

  **4.  Request No. 7**

GRANTED. CoxCom narrowly interprets Plaintiffs' request for chargeback documents and focuses on the phrase "as a consequence of work performed by each named Plaintiff." (Document No. 58 at p. 16). CoxCom contends that it issued chargebacks only to M+M. Id. While that is technically true, the chargebacks must be related to work performed by M+M through its technicians. In fact, M+M represents that, while CoxCom only issues chargebacks to it, it then "determines if it will impose a chargeback against individual technicians or absorb the chargeback without passing [it] on to the technicians." (Document No. 72-1 at p. 7). Thus, the chargeback must refer to a particular technician, or M+M would not be able to make that determination. Accordingly, M+M and CoxCom shall produce any chargeback documentation for the relevant period which is in their possession, custody or control.

  **5.  Request No. 8**

DENIED.

  **6.  Request No. 11**

DENIED as to CoxCom. GRANTED in part as to M+M. M+M shall produce all copies of the "Ranker Table" (see, e.g., Document No. 71-2 at p. 110 – Exh. 10A) for the period in question that are presently in its possession, custody or control. If M+M persists in its position that it is not in possession of any documents known as a "Ranker Table," it shall certify that position to Plaintiffs in writing and summarize its good faith efforts to locate such documents.

### 7. Request No. 12

GRANTED in part. In addition to the timesheets and payroll ledgers produced, M+M indicates that it can obtain weekly payroll statements from its payroll processor at a cost of $10.00 per pay stub, per technician. M+M represents that this would cost $1,560.00 per Plaintiff or $7,800.00 total and thus presents an "undue burden." (Document No. 72-1 at p. 11). Since the Court is unaware of what information is contained on the weekly payroll statement, it is impossible to reach any conclusions as to the proportionate "value" of these documents in the context of this case and whether the reported cost of production would be an undue burden on M+M. Accordingly, the parties are ordered to confer in good faith as to a limited sampling of such documents at M+M's expense. If, after reviewing the samples obtained, the parties are unable to reach agreement as to whether or not further production is warranted, they shall request a discovery teleconference with the Court prior to resorting to further discovery motion practice.

### 8. Request Nos. 14, 15 and 16

DENIED.

### B. The Rule 30(b)(6) Deposition

On August 18, 2016, Plaintiffs filed a joint Motion to extend deadlines including the August 31, 2016 deadline for conducting joint employer discovery. (Document No. 50). Plaintiffs represented that the parties were unable to schedule the four remaining depositions by the deadline.

<u>Id.</u>  The depositions were apparently for CoxCom's Rule 30(b)(6) designee and three of the Plaintiffs.  The parties agreed to conduct the 30(b)(6) deposition on September 28, 2016.  (Document No. 60-2).  The Court extended the deadline to September 30, 2016 as requested.

Despite multiple requests from CoxCom's counsel, Plaintiffs did not serve their Rule 30(b)(6) deposition notice until late in the afternoon on Wednesday, September 21, 2016 for a deposition scheduled to start at 10:00 a.m. on Wednesday, September 28, 2016.  The notice sought testimony on fifty-seven discrete topics and requested that CoxCom provide "written notice to Plaintiff at least seven (7) business days before the deposition date and time identifying the name(s) and employment position(s) of the individual(s) designated to testify on behalf of Cox Communications" on each of the identified topics.  (Document No. 56-3).  Obviously, it was impossible for CoxCom to provide the requested notice in a timely fashion since the notice was served only four business days in advance.  While Plaintiffs' counsel apologized for the delay and offered a continuance of the deposition if more time was needed to prepare, that was a hollow offer given the totality of the circumstances.  This is a 2014 case, and the joint employer discovery deadline had been recently extended to September 30, 2016.  The parties had agreed to conduct three other depositions during the week of September 26, 2016, and CoxCom's out-of-state counsel had presumably finalized her plans to travel to Rhode Island to conduct those depositions.

Plaintiffs' counsel commenced the 30(b)(6) deposition on September 28, 2016 at 10:00 a.m. and "terminated" it at 6:00 p.m. after questioning CoxCom's designee for over six hours.  As could be predicted, a fifty-seven topic Rule 30(b)(6) deposition noticed four business days prior to the date of the deposition and conducted two business days prior to the joint employer discovery closure date did not go smoothly.  In the end, it was Plaintiffs' deposition, and they were responsible for providing reasonable advance notice to CoxCom of the particular areas of inquiry.  They did not do

so, and they have not convinced the Court that CoxCom's designee was not reasonably prepared and responsive under these circumstances. Accordingly, Plaintiffs' Motion to Compel regarding such deposition is DENIED.[3]

**Conclusion**

For the foregoing reasons, Plaintiffs' Motions to Compel Further Document Production (Document Nos. 54 and 71) are GRANTED in part and DENIED in part as specified herein; and Plaintiffs' Motion to Compel regarding the Rule 30(b)(6) Deposition (Document No. 56) is DENIED.

SO ORDERED

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 15, 2017

---

[3] At the deposition, the parties agreed that CoxCom would respond to Topics 1, 2, 4-6, 50-57 in writing. While I reject CoxCom's argument that Plaintiffs "withdrew" such topics, I sustain CoxCom's Objections as to Topics 50 and 53-57 regarding CoxCom's use of "in-house" installers which seek information irrelevant to the claims made in this case, and I find that CoxCom has adequately responded in writing to Topics 1, 2, 4-6, 51 and 52.