UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUAN SIGUI, JOSE SIGUI, JOSE CIPRIANO, JOSEPH MENDEZ, JOSE L. SANTOS, JEROME JOHNSON, NELKIN RAMIREZ, and ADALBERTO MOLINA,<br><br>   Plaintiffs,<br><br>   v.<br><br>M + M COMMUNICATIONS, INC. alias, M & M CORPORATION LA INC.,<br><br>   Defendants. | C.A. No. 1:14-CV-00442-MSM-LDA |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the plaintiffs' unopposed Petition for Counsel Fees and Costs. (ECF No. 174.) Following a trial, a jury returned a verdict in the plaintiffs' favor, finding that the defendants had acted willfully in violation of the of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and/or the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. § 28-12-1 *et seq.*, and/or the Rhode Island Payment of Wages Act ("RIPWA"), R.I. Gen. Laws § 28-14 *et. seq.*

"[A] plaintiff who prevails on congruent federal and state claims and qualifies for fee-shifting under two or more statutes may recover fees under whichever fee-shifting regime she chooses." *Coutin v. Young & Rubicam P.R., Inc.*, 124 F.3d 331, 342 (1st Cir. 1997) (citation omitted). Here, the plaintiffs have prevailed under both

1

the FLSA and RIPWA. The plaintiffs have chosen to pursue attorneys' fees and costs under the RIPWA.

Pursuant to the RIPWA, "[a]n aggrieved party shall be entitled to recover . . . reasonable attorney's fees and costs." R.I.G.L. § 28-14-19.2(a). The starting point to determine the appropriate amount of the lodestar calculation is to multiply the number of hours productively worked by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). This Court is to determine a reasonable hourly rate by taking into account the prevailing rates in the community for comparably qualified attorneys. *Id.* at 449. Pursuant to LR Cv 54.1(b)(2):

> [A] motion for attorneys' fees shall be accompanied by an affidavit regarding the reasonableness of the requested hourly fee from a disinterested attorney admitted to practice in Rhode Island who is experienced in handling similar cases and familiar with the usual and customary charges by attorneys in the community who have comparable experience in similar cases.

The Court has reviewed the affidavit of the independent attorney, Lawrence L. Goldberg, and the accompanying materials and finds that the rates and time expended on this matter are reasonable in the context of this case. Furthermore, the billing records are itemized in detail, by date and in the tenths of an hour, and describe with particularity the tasks performed.

The plaintiffs' counsel has excluded all hours related to the cross-motions for summary judgment motions on the joint employment claim on which then-defendant Cox prevailed and the time expended on the plaintiffs' Third Motion to Amend Complaint, which was denied, for a total of 611.40 hours. This leaves a total fee of $675,489.45. However, to account for non-segregable hours expended related to

2

matters on which the plaintiffs did not prevail, such as the joint employment issue; the ultimately dismissed 42 U.S.C. § 1983 claim; plaintiff Nelkin Ramirez's claims, whose damages were outside of the statute of limitations, and Anthony Kern's who voluntarily dismissed; and in a good faith effort to exclude hours that could reasonably be deemed excessive, redundant, or otherwise unnecessary, the plaintiffs' counsel has made a blanket 20% reduction.

After applying the 20% blanket reduction, the lodestar total is $540,391.56. The plaintiffs seek an enhancement of the lodestar amount by a factor of 1.5 due to the contingent nature of the fee arrangement, the complexity and length of the litigation, and the favorable result, for a total of $810,587.34.

The Court finds a 1.5x multiplier reasonable. Litigation of this matter spanned approximately eight years, involved seven plaintiffs, and was made significantly more challenging due to the defendants' failure to maintain and produce proper time records. *Cf. Baptista v. Mut. of Omaha Ins. Co.*, 859 F. Supp. 2d 236, 243 (D.R.I. 2012) (rejecting a 1.55x multiplier where "there is nothing particularly complex about the case" and where "the case settled within weeks, without any significant discovery. … The only motions filed in this case related to approval of the settlement and the request for attorneys' fees, costs, and an incentive award for the named plaintiff"). This matter also went to trial, where the plaintiffs prevailed on all remaining claims.

Finally, the plaintiffs also seek reimbursement for $14,251.15 in litigation costs and have provided an itemized list detailing these expenses along with an

affidavit of plaintiffs' counsel.  Pursuant to Fed R. Civ. P. 54 and LR Cv 54, the Court finds these costs necessary and reasonable and thus awards them to the plaintiffs.

## CONCLUSION

Based on the foregoing, the plaintiffs' unopposed Petition for Counsel Fees and Costs (ECF No. 174) is GRANTED.  The plaintiffs are awarded a total counsel fee of $810,587.34 and costs in the amount of $14,251.15.

IT IS SO ORDERED.

*Mary S. McElroy*
_____
Mary S. McElroy
United States District Judge
October 14, 2022