UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUAN SIGUI, JOSE SIGUI, JOSE CIPRIANO, JOSEPH MENDEZ, JOSE L. SANTOS, JEROME JOHNSON, NELKIN RAMIREZ, and ADALBERTO MOLINA, <br><br> Plaintiffs, <br><br> v. <br><br> M + M COMMUNICATIONS, INC. alias, M & M CORPORATION LA INC., <br><br> Defendants. | C.A. No. 1:14-CV-00442-MSM-LDA |

ORDER

Mary S. McElroy, United States District Judge.

A jury rendered a verdict in this matter finding the defendants, M + M Communications, Inc. and M & M Corporation LA, Inc., had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and/or the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. § 28-12-1 *et seq.*, and/or the Rhode Island Payment of Wages Act ("RIPWA"), R.I.G.L. § 28-14 *et. seq.*, and that they made those violations willfully.  (ECF No. 172.)  For each plaintiff, the jury determined the precise number of unpaid hours for each category at issue, i.e., unpaid regular hours, unpaid overtime hours, and minimum shift unpaid hours.  *Id.*

The Court invited the parties to provide post-trial memoranda on the calculation of damages.  The plaintiffs have provided a comprehensive memorandum

1

detailing their calculations of damages. The defendants have not provided such a memorandum and have not opposed the plaintiffs' calculations in any way.

The Court finds as follows.

I.     Compensatory Damages

The plaintiffs have calculated the amounts owed to each plaintiff in compensatory unpaid wages damages based on the hours determined by the jury on the Verdict Form. The totals for each wage category are calculated by multiplying the number of hours awarded per the jury verdict by the stipulated regular hourly rate of $23.98. In the case of overtime hours, the parties agreed that only the half-time premium is at issue, and the amount is arrived at by multiplying the number of overtime hours awarded per the jury verdict by half of the stipulated regular rate, or $11.99.

| Plaintiff | Overtime Wages Due | Unpaid Hours Wages Due | Minimum Shift Unpaid Wages Due | Total Wages Due |
|---|---|---|---|---|
| Juan Sigui | $5,287.59 | $27,145.36 | $14,531.88 | $46,964.83 |
| Jose Sigui | $4,664.11 | $28,632.12 | $15,754.86 | $49,051.09 |
| Jose Cipriano | $7,481.76 | $31,485.74 | $11,222.64 | $50,190.14 |
| Joseph Mendez | $3,165.36 | $21,869.76 | $12,661.44 | $37,696.56 |
| Jose Santos | $6,630.47 | $29,351/52 | $14,891.58 | $50,873.57 |
| Jerome Johnson | $2,841.63 | $9,663.94 | $2,230.14 | $14,735.71 |
| Adalberto Molina | $1,558.70 | $16,618.14 | $16.330.38 | $34,507.22 |
| Totals | $31,629.62 | $164,766.58 | $87,622.92 | $284,019.12 |

## II. Prejudgment Interest

In cases such as this one, where Rhode Island state-law claims and federal claims are symmetrical, the Rhode Island prejudgment interest rate applies. *Conetta v. Nat'l Hair Care Centers, Inc.*, 236 F.3d 67, 78 (1st Cir. 2001). The Rhode Island prejudgment interest statute, R.I.G.L. § 9-21-10, provides that "[i]n any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein."

The Court agrees with the plaintiffs' unopposed calculation of prejudgment interest. The plaintiffs determined the interest owed on a weekly basis by calculating the number of weeks for which unpaid wages were found between the final day of each week through June 27, 2022 and multiplying the number of weeks by .23076923 (which is the per annum 12% divided into 52-week segments) to determine the total interest owed on that week's wages. This yielded the following totals:

| Plaintiff | Prejudgment Interest on Compensatory Damages |
|---|---|
| Juan Sigui | $53,768.54 |
| Jose Sigui | $55,678.48 |
| Jose Cipriano | $56,608.31 |
| Joseph Mendez | $43,473.52 |
| Jose Santos | $57,701.31 |
| Jerome Johnson | $15,983.96 |
| Adalberto Molina | $40,303.42 |
| Total | $323,517.55 |

### III. Liquidated Damages

The Rhode Island Payment of Wages Act ("RIPWA") provides that provides that "[a]n aggrieved party shall be entitled to recover any unpaid wages and/or benefits, compensatory damages, and liquidated damages in an amount up to two (2) times the amount of unpaid wages and/or benefits owed…" R.I.G.L. § 28-14-19.2(a). "In determining the amount of any penalty imposed under this section, consideration shall be given to the size of the employer's business, the good faith of the employer, the gravity of the violation, the history of previous violations, and whether or not the violation was an innocent mistake or willful." *Id.*

The Court agrees that the plaintiffs should be awarded liquidated damages in the amount of twice the unpaid wages. The jury found that the defendants' violations were willful, the defendants are a large multi-state operation, and it was demonstrated at trial that they have previously been investigated and sanctioned by the United States Department of Labor and were instructed on the proper recording and calculation of wages to field service technicians such as the plaintiffs. The liquidated damages totals are as follows.

| Plaintiff | Liquidated Damages |
|---|---|
| Juan Sigui | $93,929.66 |
| Jose Sigui | $98,102.18 |
| Jose Cipriano | $100,380.28 |
| Joseph Mendez | $75,393.12 |
| Jose Santos | $101,747.14 |
| Jerome Johnson | $29,471.42 |
| Adalberto Molina | $69,014.44 |
| Total | $568,038.24 |

4

## IV. Misclassification Penalties

The RIPWA provides a civil penalty in an amount between $1,500 and $3,000 "for each misclassified employee for a first offense." R.I.G.L. § 28-14-19.1(b). The penalty for each misclassified employee for any subsequent offense is up to $5,000. *Id.* Penalties are classified by the statute as 'equitable relief,' and thus would be determined by the Court. R.I.G.L. § 28-14-19.2(a). Such a penalty shall be shared equally between the plaintiffs and Rhode Island Department of Labor and Training. R.I.G.L. § 28-14-19.1(b).

R.I.G.L. § 28-14-19.1(c) outlines the factors to be considered in assessing the penalties for misclassification:

> In determining the amount of any penalty imposed under this section, the director or his or her designee shall consider the size of the employer's business; the good faith of the employer; the gravity of the violation; the history of previous violations; and whether or not the violation was an innocent mistake or willful.

These factors weigh against the defendants and therefore the Court imposes a maximum penalty of $5,000 per plaintiff. Specifically, it was demonstrated by evidence at trial that the defendants are substantial corporations with millions of dollars in annual revenue; there is a history of previous violations investigated and sanctioned by the United States Department of Labor; and the jury found the defendants' actions willful.

## CONCLUSION

The Clerk of Court is directed to enter Judgment for the plaintiffs, inclusive of interest, as follows:

- Juan Sigui:         $194,663.03
- Jose Sigui:         $202,831.75
- Jose Cipriano:      $207,178.73
- Joseph Mendez:      $156,563.20
- Jose Santos:        $210,322.02
- Jerome Johnson:     $60,191.09
- Adalberto Molina:   $143,825.08

Further, the Court assesses a total of $35,000 in penalties against the defendants pursuant to R.I.G.L. § 28-14-19.1, half of which is to be provided to the Rhode Island Department of Labor and Training and the other half to be divided equally among the plaintiffs.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
October 14, 2022